IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DARRELL DUNCAN                                                    PLAINTIFF

vs.                              Civil No. 6:13-cv-06027

CAROLYN W. COLVIN                                                DEFENDANT
Commissioner, Social Security Administration


## MEMORANDUM OPINION

Darrell Duncan ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of

disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 9.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

1. __Background:__

Plaintiff protectively filed an application for DIB and SSI on October 4, 2010.  (Tr. 19, 101-

113).  Plaintiff alleged he was disabled due to coronary artery disease, stints in his heart, and

depression.  (Tr.  45, 136).  Plaintiff alleged an onset date of January 1, 2008.  (Tr. 19, 101, 108).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for
this case are referenced by the designation "Tr."

These applications were denied initially and again upon reconsideration. (Tr. 19). Thereafter, Plaintiff requested an administrative hearing on his applications and this hearing request was granted. (Tr. 69-70).

Plaintiff's administrative hearing was held on March 14, 2012. (Tr. 32-51). Plaintiff was present and was represented by counsel, Michael Angel, at this hearing. *Id.* At the time of this hearing, Plaintiff was forty (40) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a high school education. (Tr. 36).

On April 12, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 19-27). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2013. (Tr. 21, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2008. (Tr. 21, Finding 2).

The ALJ determined Plaintiff had the severe impairments of coronary artery disease with status post multiple stenting and hypertension. (Tr. 21, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 22-25). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of sedentary work (Tr. 22, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 25, Finding 6). The ALJ found Plaintiff unable to perform his PRW as a heavy equipment operator, sandblaster, pest

2

control worker, and railroad section hand.  *Id.*  The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 26, Finding 10).  The ALJ then used Medical-Vocational Guidelines Rule 201.28 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity.  *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.28.  (Tr. 26).  The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of his decision.  (Tr. 26, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.  (Tr. 14).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 7-10).  On March 21, 2013, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on April 18, 2013.  ECF No. 9.  Both Parties have filed appeal briefs.  ECF Nos. 13, 15.  This case is now ready for decision.

## 2. <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 13, Pg. 4-10. Specifically, Plaintiff claims the ALJ erred: (1) in failing to fully develop the record, (2) in failing to prepare a Psychiatric Review Technique analysis, and (3) in the credibility determination of Plaintiff. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 15. Because this Court finds the ALJ erred in failing to prepare a Psychiatric Review Technique analysis, this Court will only address this issue.

Plaintiff alleges the ALJ erred in failing to conduct a Psychiatric Review Technique analysis. ECF No. 13, Pgs. 7-8. A Psychiatric Review Technique analysis is required to be conducted and documented at each level of the review process, including the ALJ level. *See* 20 C.F.R. § 416.920a(a)-(e). This involves a determination of whether there is a mental impairment followed by a rating of the degree of functional limitation resulting from the mental impairment. This must be conducted at all levels of the application process, beginning with the initial and reconsideration levels. *Id.* At these levels, the Psychiatric Review Technique must be documented by completion of a standard form. The Psychiatric Review Technique must also be conducted and documented at the ALJ and Appeals Council levels; however, at these levels, it is permissible for the analysis to be included within the written decision such that the use of a written form is not required. *Id.*

In this matter, Plaintiff put forth evidence of a mental impairment claim of depression. In the claim process, Plaintiff stated he suffered from depression. In a November 12, 2010 Function

Report, Plaintiff stated he was depressed, did not go out, and doubts himself, his looks, and his self worth. (Tr. 196, 199).  Additionally, during the administrative hearing, Plaintiff testified he is depressed which caused him to stay down all the time and he does not feel like doing anything because he feels unwanted. (Tr. 44-45).  Plaintiff also stated he often cries and has trouble sleeping. *Id*.

Furthermore, the medical evidence indicates Plaintiff suffers depression.  On December 15, 2010, Dr. R. Paul Tucker performed a consultative examination on Plaintiff.  (Tr. 257-263).   Dr. Tucker indicated Plaintiff was experiencing depression.  (Tr. 258, 262).  Dr. Jim Hahn completed a Request for Medical Advice on January 16, 2011. (T. 273).  The ALJ did not prepare or utilize a Psychiatric Review Technique.   This failure was error.  This matter is remanded for further review because no Psychiatric Review Technique analysis was conducted.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **12th day of March 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE